IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | No. | 3:09-cr-00240-2 |
| | ) | | 3:09-cr-00240-3 |
| v. | ) | | 3:09-cr-00240-4 |
| | ) | | 3:09-cr-00240-6 |
| FAITH READUS; PAUL MCQUIDDY; | ) | | 3:09-cr-00240-9 |
| HOWARD COLEMAN; THOMAS BRANUM; | ) | | 3:09-cr-00240-11 |
| CECIL WHITMON, III; | ) | | 3:09-cr-00240-17 |
| TIERRA YOUNG; LEONARD BAUGH; | ) | | 3:09-cr-00240-23 |
| PATRICK SCOTT; ANTHONY JOHNSON; | ) | | 3:09-cr-00240-25 |
| ANTHONY JOHNSON; | ) | Judge Nixon | |

## ORDER

Pending before the Court are the Motions of Defendants Thomas Branum (Doc. No. 970) and Paul McQuiddy (Doc. Nos. 419; 420) ("Motions"), which have been joined by the above-captioned Defendants, and in which Defendants request that the Court order the Government to identify recorded jailhouse telephone calls ("phone calls") it intends to use in its case-in-chief against Defendants. The Government filed a Response in which it "agree[s] to informally advise defense counsel of the calls that may be used at trial, so long as defense counsel will also provide notice of the calls they intend to use at trial, and so long as the defense shares the transcripts of the calls with the Government." (Doc. No. 1049.) For the reasons given below, the Court **GRANTS** the Motions to the extent specified herein.

Defendants aver that they received in discovery approximately 200 hours of phone calls involving various defendants, witnesses, and alleged conspirators. (Doc. No. 970 ¶ 1.) Defendants anticipate that selected phone calls and portions of phone calls will be offered into evidence by the Government, and argue that "it is simply impossible for defense counsel to be prepared to defend against 207 or more hours of phone calls that *might* be played to the jury." (Doc. No. 420 ¶ 6.) Further, Defendants argue that some calls may contain slang, code words, or

1

other language that is not easily understood, "such that defense attorneys are presently unaware that the Government believes they contain incriminating information." (*Id.*) Counsel for Mr. McQuiddy argues that it would be a "waste [of] hundreds of hours worth of taxpayers' dollars to sit and listen to every single phone call" with Mr. McQuiddy, especially where the vast majority of phone calls allegedly have nothing to do with his client. (Doc. No. 420 ¶ 8.)

The Government states that Defendants have obtained public funding to transcribe the phone calls and indicates that it will be willing to work with Defendants to identify calls that each side is likely to use only after Defendants provide access to their transcripts. (Doc. No. 1049.) Further, the Government states in its Response that "until the Government knows what the defense is that the defendants are asserting, it would be inappropriate to limit itself to specific calls, as it would do if it formally designated calls." (*Id.*)

At a hearing held January 4, 2013, the Court heard oral argument on the Motions from Defendants, and the Government. The Government largely reiterated its position as stated in its Response, arguing that fairness requires that Defendants provide the Government with transcripts of the phone calls in return for pre-trial identification of the calls it intends to use at trial. Defendants argued that they have no reciprocal duty to turn over the transcripts, arguing that Federal Rule of Criminal Procedure 16(a) places a greater burden upon the Government to turn over information than it places upon defendants. Additionally, Defendants argue that the transcripts are protected as attorney work product.

Having considered the Motions and after hearing oral argument on the same, the Court **GRANTS** the Motions to the following extent: On or before **January 15, 2013,** the Government shall provide notice to each Defendant of the phone calls it intends to use against him or her. This Order **shall not limit** the Government's ability to use phone calls it has not identified by

January 15, 2013, or to decline to use phone calls it has identified by January 15, 2013, if the changes appear to have been made in good faith and are reasonably related to effective presentation of the Government's case against Defendants. Defendants **shall not** be required to turn over to the Government transcripts of recorded phone calls in this case.

    It is so ORDERED.

    Entered this __7th_____ day of January, 2013.

                                                     _____
                                                   JOHN T. NIXON, SENIOR JUDGE
                                                 UNITED STATES DISTRICT COURT