UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:09-00240-2 |
| | ) | JUDGE CAMPBELL |
| FAITH READUS | ) | |

## ORDER

Pending before the Court is Defendant's Second Notice of Appeal of Detention (Docket No. 1760) filed by Defendant Faith Readus. The Government has filed a Response in Opposition (Docket No. 1837). For the reasons stated herein, the Second Notice of Appeal of Detention (Docket No. 1760) is DENIED.

By Order of Detention Pending Trial (Docket No. 11) entered on October 1, 2009, Magistrate Judge Knowles detained the Defendant based on: (1) clear and convincing evidence that there were no conditions or combination of conditions that could be imposed that would reasonably assure the safety of other persons and the community; and (2) a preponderance of the evidence that there were no conditions or combination of conditions that could be imposed that would reasonably assure the appearance of the Defendant if she was released. See also Transcript of the detention hearing held on October 1, 2009 (Docket No. 19, p. 94).

Defendant Readus filed a Notice of Appeal of Detention (Docket No. 483) on April 19, 2011. District Judge John Nixon denied the appeal by Order (Docket No. 491) entered on April 22, 2011.

Defendant Readus has now filed a Second Notice of Appeal of Detention (Docket No. 1760), which provides:

    For cause, Ms. Readus would show as follows:

1. She was detained on September 26, 2009;
2. She has been charged with aiding the escape of a person from federal custody and conspiracy to aid the escape of a person from federal custody;
3. This charge carries a five year (60 month) maximum sentencing;
4. Ms. Readus has served forty (40) months in custody awaiting trial;
5. Ms. Readus does not have a criminal record of any significance;
6. Ms. Readus now asks that this Court release her from custody pending a trial in this matter;
7. Counts one and two of the indictment in this matter allege the most ridiculous, absurd, laughable, preposterous, comic, daffy, goofy, asinine harebrained, outrageous and impossible crime that the United States Attorney's office in the Tennessee Middle District has ever crafted.
8. The basic premise of the charge is that Ms. Readus was to have conspired with "J.S." and other co-conspirators to obtain a helicopter;
9. The Government does not allege in the indictment how the helicopter was directly related to escape from custody. Helicopters are not in and of themselves illegal;
10. In the itty-bitty document discovery packet provided by the Government to Ms. Readus, there is no information that links a helicopter to an escape.
11. In the gazillion jail telephone call recordings provided by the Government to Ms. Readus, there is no information that links a helicopter to an escape.
12. The Government's theory is that Ms. Readus actively "googled" helicopters for "J.S.";
13. In the itty-bitty document discovery packet and the gazillion jail telephone call recordings, there is no evidence that Ms. Readus ever provided any information regarding helicopters to "J.S.";
14. It is unconscionable that Faith Readus sits in jail and just days away from her trial, her case has been severed and the matter continued indefinitely;
15. While waiting in jail solely on this matter, Ms. Readus' parental rights to her infant were terminated by the State of Tennessee;
16. Counsel now asks this court hold a hearing and release Ms. Readus pending a trial in this matter.

(Docket No. 1760).

The Government, in its Response (Docket No. 1837), opposes the appeal based on the Defendant's risk of flight and danger to the community. The Government also argues that the Defendant has not offered new evidence sufficient to reopen the prior decisions of the Magistrate Judge and the District Judge or to revisit the finding that the Defendant is a flight risk and danger to the community.

The Court has made a de novo review of the two Detention Orders (Docket Nos. 11 and 491). The Court has reviewed the file and has read the transcript (Docket No. 19) of the detention hearing held on October 1, 2009 before Magistrate Judge Knowles.

The Court finds, based on its de novo review of the record that the Magistrate Judge's factual findings are supported and that the Magistrate Judge's legal conclusions are correct regarding the need for detention of the Defendant. The Court adopts the Magistrate Judge's Order (Docket No. 11) of detention filed on October 1, 2009. See U.S. v. King, 849 F.2d 485, 490 (11th Cir. 1988).

The Court finds by clear and convincing evidence that there are no conditions or combination of conditions that will reasonably assure the safety of other persons and the community. 18 U.S.C. § 3142(e).

The Court finds by a preponderance of the evidence that there are no conditions or combination of conditions that will reasonably assure the appearance of the Defendant if she was released. 18 U.S.C. § 3142(e).[1]

---

[1] The Court notes that there is not a presumption of detention in this case pursuant to 18 U.S.C. § 3142(e)(3). (A presumption in favor of detention imposes only a "burden of production" on the Defendant and the Government retains the "burden of persuasion." U.S. v.

The Court also finds that the Defendant has not offered new information with a sufficient material bearing on the safety and flight issues to warrant reopening the detention hearing or reversing the Magistrate Judge's Detention Order (Docket No. 11). 18 U.S.C. § 3142(f)(2) provides that a detention hearing may be reopened on the following grounds:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonable assure the appearance of such person as required and the safety of any other person and the community.

The Defendant has not offered any new information that was not known at the time of the prior detention hearing that has a material bearing on the safety of other persons and the community or on the appearance of the Defendant if she was released. 18 U.S.C. § 3142(f)(2).

For the reasons stated above, the Second Notice of Appeal of Detention (Docket No. 1760) is DENIED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

Stone, 608 F.3d 939, 945 (6th Cir. 2010). Even when a Defendant satisfies his burden of production, however, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among these weighed by the Court. Id.)