UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEEn
NASHVILLE DIVISION

UNITED STATES OF AMERICA        )
                                )
v.                              )   NO. 3:09-00240
                                )   JUDGE CAMPBELL
FAITH READUS                    )

## ORDER

Pending before the Court is the Defendant's Motion To Dismiss Count Three Of The Tenth Superseding Indictment (Docket No. 2310), and the Government's Response in Opposition (Docket No. 2318) thereto. Through the Motion, the Defendant argues that Count Three of the Tenth Superseding Indictment (Docket No. 2223) should be dismissed because it fails to charge a criminal offense. The Government contends that Count Three adequately charges a violation of 21 U.S.C. § 846.

Rule 12(b) of the Federal Rules of Criminal Procedure provides that any defense which is capable of determination without the trial of the general issue may be raised by motion before trial. In considering a motion made under Rule 12(b), district courts "may ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder." United States v. Craft, 105 F.3d 1123, 1126 (6th Cir. 1997). See also United States v. Jones, 542 F.2d 661, 664-65 (6th Cir. 1976); United States v. Short, 671 F.2d 178, 181-83 (6th Cir. 1981).

Count Three of the Tenth Superseding Indictment charges as follows:

> Between in or around June 2009 through on or about September 25, 2009, in the Middle District of Tennessee, **[2] FAITH READUS** did combine, conspire, confederate, and agree with J.S. and with others known and unknown to the Grand Jury, to engage in a continuing criminal enterprise in violation of Title 21, United States Code, Section 848.

1. It was part of this conspiracy that J.S. planned to re-establish and lead a faction of the Rollin' 90s Crips and to organize more than five people in carrying out drug trafficking activity, including a continuing series of violations involving trafficking in cocaine, marijuana, and other controlled substances.

2. It was part of this conspiracy that J.S. planned to organize the participants into three wings, generally described as the money generators, the leaders, and the military wing or enforcers.

3. It was part of this conspiracy that money generated from drug trafficking would be re-invested with a goal of realizing at least $100,000 in drug proceeds.

4. It was part of this conspiracy that J.S. planned to escape from federal custody, and to obtain and use a helicopter in doing so.

5. It was part of this conspiracy that **[2] FAITH READUS** possessed and researched information relating to helicopters.

6. It was part of this conspiracy that **[2] FAITH READUS** told J.S., in essence, that she was ready to do whatever was needed, including committing murder, stating that she never had to take out somebody, but if she had to do it, she had to do it.

All in violation of Title 21, United States Code, Section 846.

(Docket No. 2223).

In short, Count Three charges a conspiracy, under 21 U.S.C. § 846, to engage in a continuing criminal enterprise under 21 U.S.C. § 848. Section 848, which is part of the subchapter defining drug trafficking offenses and penalties, prohibits engaging in a continuing criminal enterprise. Subsection (c) of the statute provides that a person is engaged in a "continuing criminal enterprise" if:

> (1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and
>
> (2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter--

> (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
>
> (B) from which such person obtains substantial income or resources.

Section 846 provides: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Sections 846 and 848 are in the same subchapter.

The Defendant appears to argue that the Government charged her with a conspiracy to violate Section 848 because it is unable to prove that the Defendant violated Section 848 herself. The Defendant does not indicate, however, why that is a ground for dismissal. To the extent the Defendant contends that the Government will be unable to prove the elements of the charged offense, such an argument is not an appropriate basis for dismissal of the charge prior to trial. Accordingly, Defendant's request to dismiss Count Three is DENIED. The Defendant may argue that the Government has failed to prove the charge in Count Three at the appropriate time during the trial.

Alternatively, the Defendant argues that the Government should provide a bill of particulars for Count Three because it is so complex in that it charges a drug crime inside a criminal enterprise inside a conspiracy. The Government argues that a bill of particulars is unnecessary, and indicates that it has provided the Defendant with significant amounts of information in discovery and *Jencks* material.

3

Under Rule 7 of the Federal Rules of Criminal Procedure, a defendant may request a bill of particulars to supplement an information or indictment that is insufficiently specific. The Sixth Circuit has held that the function of a bill of particulars is to "minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004). A bill of particulars is not to be used, however, "as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Crayton, 357 F.3d at 568. Full disclosure of the requested information by the Government through discovery, however, may obviate the need for a bill of particulars. United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993); United States v. Martin, 822 F.2d 1089, 1987 WL 38036, at *3 (6th Cir. July 14, 1987).

Defendant's request for a bill of particulars is DENIED as she has failed to show the necessity for a bill of particulars in light of the specificity of the Indictment and the discovery and *Jencks* material produced by the Government.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE